COMPAÑÍA AZUCARERA "EL EJEMPLO", Appellant, v. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1033. Submitted November 25, 1938.—Decided January 26, 1939.

*González Fagundo* and *González Jr.*, for petitioner. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A contract for the grinding of cane and for agricultural advances was executed August 1st, 1934, for a term which was to expire with the grinding season of 1936. By the terms of this contract, the grinding season was defined as "January to June of each year." One of the clauses provided that the contract might be extended year after year by mutual agreement in the form of a notarial instrument. Notarial instruments were executed July 30th, 1936, July 14th, 1937 and April 26th, 1938. The first of these instru-

ments purported to extend the term of the original contract to June 30th, 1937, the second to June 30th, 1938 and the third to June 30th, 1939.

A registrar of property refused to note the third of these instruments in the registry of property, because, by the terms of the original contract, the planter was to receive seven and one-half pounds of sugar for every hundred-weight of cane delivered to the mill and was to suffer a reduction of thirty-five cents per hundred-weight to cover cost of transportation from the mill to New York.

The first contention of appellant is that the registrar erred in not taking into consideration section 19 of "An Act to regulate contracts for the purchase and sale of sugar cane, as well as the procedure to be followed by the centrals of Puerto Rico in determining the crystallizable sugar per cent in the cane delivered by the colonos for grinding; to create a sugar board; to fix the powers and duties thereof, and for other purposes," approved May 13, 1937 (Session Laws, 261).

Sections 15, 17 and 19 of the Act of 1937, read as follows:

"Section 15.—Every contract entered into, or every practice introduced, in contravention of the provisions of this Act, shall be null and inexistent."

"Section 17.—No contract entered into in violation of any of the provisions of this Act shall be registrable in the registry of agricultural contracts created by Act No. 10 of 1925, as amended."

"Section 19.—This Act shall not be applicable to contracts entered into prior to its approval."

The Act took effect ninety days after the date of approval. We shall assume, as does the brief for appellant, that as far as the first assignment of error is concerned, the ruling of the registrar must be affirmed, unless the case comes within the exception established by section 19.

The original contract was, of course, a contract entered into prior to the approval of the Act of 1937. It therefore comes clearly within the exception established by section 19. For the purposes of this opinion it may be conceded that the

notarial instrument of July 14, 1937—as well as that of July 30, 1936—comes within the same exception, inasmuch as the instrument of July, 1937, was executed before the law took effect, although not "prior to its approval." It may be conceded that if the original contract had contained any option for extension or renewal thereof from year to year, the notarial instrument of April 26, 1938, would also have come within the exception. The original contract contained no such option. The stipulation concerning an extension by mutual agreement in the form of a notarial instrument imposed no obligation upon either of the parties beyond the requirement that any subsequent agreement that might be reached should be embodied in a notarial instrument. Neither at the time when the Act of 1937 took effect nor at the time of its approval was there any contract for the grinding season of 1939. At neither of those dates was either of the parties to the original contract under any obligation to enter into a mutual agreement in the form of a notarial instrument or otherwise for an extension of the same. Neither of the parties had any enforceable right to demand of the other any such extension or the making of any such mutual agreement. The fact, if it be a fact, that when the Act took effect—although not prior to the date of its approval—there was in existence a contract for the grinding season of 1938, did not convert the notarial instrument of April 26, 1938, into a contract "entered into" prior to such approval. Neither when the Act took effect nor at the date of its approval had any contract for the grinding season of 1939 been "entered into" within the meaning of those words as used in section 19.

Another contention is that the law is contrary to the Fourteenth Amendment of the Constitution of the United States and to the first paragraph of section 2 of the Organic Act of Puerto Rico. The propositions stated, but not elaborated, in the brief for appellant are not self evident. It is quite conceivable that they are not wholly without merit.

In the absence of a stronger showing, it will suffice to say that the argument, as far as it goes, fails to satisfy us that either section 11 of the Act of 1937, or the Act as a whole is unconstitutional. The ruling of the registrar, if otherwise sound, should not be reversed merely because of a possible doubt as to the constitutionality of the estatutory provisions upon which that ruling is based.

The ruling appealed from must be affirmed.